UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JAMES SWINT, | Case No. 2:23-cv-01351-GMN-EJY |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Complaint (ECF No. 2-1), which Plaintiff filed without paying the filing fee or submitting an application to proceed *in forma pauperis* ("IFP"). A plaintiff must ordinarily do one or the other if he/she wants to proceed with a case in federal court. Further, the Court does not usually substantively review a plaintiff's complaint without an IFP application or payment of the filing fee. Here, however, because the Complaint is incomprehensible, the Court recommends it be dismissed with prejudice.

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is,

by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Here, a review of Plaintiff's Complaint demonstrates it is incomprehensible gibberish and there is no possibility Plaintiff may win relief. ECF No. 2-1. For this reason the Court finds Plaintiff's Complaint should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 2-1) be DISMISSED with prejudice.

Dated this 2nd day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).